................02-05-2007................  ................WELLSTON................  ................OHIO................
[Date]    [City]    [State]

................3 GRANDVIEW AVE, JACKSON, OH 45640................
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $70,931.46................ (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is THE MILTON BANKING COMPANY (I), ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF OHIO................

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of ................8.600 %. Interest will be charged beginning on 02-09-2007................

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Periodic Payments

I will pay principal and interest by making periodic payments when scheduled:

☐ I will make .................... payments of $ ..................................... each on the ..........
.................................... of each ................................................................
.................................... beginning on .......................................... .

☒ I will make payments as follows:
    35 MONTHLY PAYMENTS OF $538.79 BEGINNING 03-09-2007.

☒ In addition to the payments described above, I will pay a "Balloon Payment" of $ 65,578.30........................
    on 02-09-2010................... . The Note Holder will deliver or mail to me notice prior to maturity that the Balloon Payment is due. This notice will state the Balloon Payment amount and the date that it is due.

(B) Maturity Date and Place of Payments

I will make these payments as scheduled until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My periodic payments will be applied as of its scheduled due date and will be applied to interest before Principal. If, on 02-09-2010................., I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my periodic payments at 123 S. OHIO AVE., WELLSTON, OH 45692................
................................................................................................
................................................................................................
................................................................................ or at a different place if required by the Note Holder.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the periodic payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my periodic payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any periodic payment by the end of 10................. calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be ........5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.    The minimum late charge is

(B) Default    $ 1.00

If I do not pay the full amount of each periodic payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

*Open End Mortgage;*

EXHIBIT "B"

**TOTAL INDEBTEDNESS NOT TO EXCEED $78,000.00**

KNOW ALL MEN BY THESE PRESENTS, That Mary A. Crooks, Unmarried, Grantors, in consideration of Seventy-eight and no/100 Dollars ($78,000.00) to her paid by THE MILTON BANKING COMPANY, Grantee the receipt thereof is hereby acknowledged, do hereby Grant, Bargain, Sell and Convey to said Grantee, its successors and assigns forever, the following described real estate:

Situated in the City of Jackson, County of Jackson and State of Ohio and bounded and described as follows:

Being Lot No. 2 of the Grandview Heights Addition to the City of Jackson, Ohio as shown upon the recorded plat of said Addition as recorded in Plat Book 4, Page 148 in the office of the recorder of Jackson County, Ohio, except the coal underlying said premises and subject to the easement of the Globe Iron Company to use the coal mine underlying said premises for storage of water granted by the Buckeye Mill and Lumber Company by a certain grant of easement recorded in Deed Record Vol. 141, Page 134, in the Office of the Recorder of Jackson County, Ohio.

Subject to easements, leases, rights-of-way, conditions and restrictions of record.

TO HAVE AND TO HOLD the same premises, with the privileges and appurtenances thereunto belonging to said Grantee, its successors and assigns forever. And the said Mary A. Crooks for herself and for her heirs, executors, administrators and assigns do hereby covenant with said Grantee, its successors and assigns, that she is the true and lawful owner of said premises and has full power to convey the same, and that the title so conveyed is clear, free and unencumbered and further that she will warrant and defend the said premises, with the appurtenances, against the lawful claim or claims of all persons whomsoever.

THE CONDITIONS of this mortgage are such, that Whereas the said Grantor has executed and delivered to the said Grantee her certain promissory note of even date herewith for the sum of $78,000.00 with interest at the rate of 7.50% per annum, both principal and interest being due and payable in 36 monthly installments, the first 35 installments being not less than $632.04, the first of which installments to be due and payable on or before the ___5th___ day of July, 2001, and succeeding installments to be due and payable on or before the ___5th___ day of each and every month thereafter. The 36th installment shall be a BALLOON PAYMENT, being the balance of principal and any accumulated interest in the amount of $73,387.66, and is due and payable on the ___5th___ day of June, 2004. Said payments shall be credited first to the discharge of the interest hereon and the balance shall be credited on the principal hereof and the interest-bearing principal shall be correspondingly reduced on the ___5th___ day of each and every month thereafter.

Said note provides for accelerated maturity in the event of default in the payment of any installment when due and further provides for interest at the highest lawful rate per annum after maturity.

THE GRANTEE MAY, at its option, upon the request of the Grantor, make additional loan advances of money to Grantor at any time while this mortgage remains unreleased of record. The principal amount of this mortgage, including any such additional loan advances, exclusive of interest, shall, however, at no time exceed the original principal sum secured hereby. And all such additional loan advances shall be secured by this mortgage but may be evidenced by an additional promissory note to be executed by Grantor.

Grantor covenants and agrees with Grantee to repay to Grantee any and all such additional loan advances, together with interest thereon, and that all of the covenants and conditions of this mortgage shall apply to such additional loan advances.

And whereas the said Grantor does, for herself, her heirs, executors, administrators and assigns hereby covenant with Grantee, its successors and assigns, that she will at all times, until said note or any future notes executed in accordance herewith shall be fully paid, keep the buildings which now are or may hereafter be upon said mortgaged premises in good and proper repair and insured against loss by fire and lightning in and by some good and solvent insurance company, to be approved by Grantee, its successors or assigns, in a sum not less than $78,000.00; any policy for said insurance to have a mortgage clause endorsed thereon, making loss thereunder payable to said Grantee, as its mortgage interest may appear and any said policy of insurance and renewal receipts shall be left with said Grantee until said note or notes and this mortgage are fully paid.

THE SAID GRANTOR further covenants and agrees that she will punctually pay, within the time allowed by law in that behalf, all levies and assessments which may at any time (while said note or notes may be either wholly or in part unpaid) be levied, or assessed or charged against said mortgaged premises, or any part thereof, and it is expressly understood and agreed that in case the said Grantor shall fail or neglect to procure said insurance or to pay said taxes within the time limit as above set forth, the said Grantee, its successors or assigns may effect said insurance and may pay said taxes and assessments or either and the amount so paid on that account shall be secured hereby, and shall bear interest at the rate of 7.50 per cent per annum from the date of such payment until the same shall be fully repaid. And in case of the neglect or failure of the said Grantor to procure said insurance or to pay taxes or assessments or either, or fail to keep the buildings which now are or may hereafter be upon said mortgaged premises in good and proper repair, or if a change should occur in the ownership of the real estate herein mortgaged without the express written consent of the Grantee, then the whole amount secured hereby shall become due and payable, and the said Grantee may proceed to collect the same without notice.

THE SAID GRANTOR further covenants and agrees that she will not sell or transfer all or any part of the property or an interest therein without Grantee's prior written

Instrument   Book   Page
200100017423  330   673

consent, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase. In the event Grantor violates this covenant, then Grantee may, at Grantee's option, declare all the sums secured by this Mortgage to be immediately due and payable.

In addition to any other debt or obligation secured hereby this instrument is intended to secure unpaid balances of any advances made by Grantee, its successors or assigns, in order to protect the premises herein conveyed, after this instrument is delivered to the County Recorder for record.

That upon default of the conditions hereof, it shall be lawful for the Grantee, its successors or assigns, at its option to enter into and upon the premises herein conveyed or any part thereof and to receive all rents, issues and profits thereof.

This mortgage is given to improve the premises herein conveyed or to pay off prior encumbrances thereon, or both, and Grantor herein covenants and agrees with Grantee that the said Grantee is authorized and empowered to do all things provided to be done by mortgagees under Ohio Revised Code Section 1311.14 and all laws amending or supplementing same that may hereafter be enacted.

NOW, IF THE SAID GRANTOR shall pay or cause to be paid to the said Grantee, its successors or assigns, the said sums of money when due, as set forth in said promissory note, or notes, and if the said Grantor shall observe, keep and perform all the covenants and agreements herein contained on her part to be kept, observed and performed, then these presents shall be void, otherwise to be and remain in full force and virtue in law.

This instrument shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, executors, administrators, successors and assigns. Whenever used, the singular shall include the plural, the plural the singular, and the use of any gender shall include all genders.

IN WITNESS WHEREOF, the said Mary A. Crooks who hereby releases all right and expectancy of dower in the said premises has hereunto set her hand on this ____5th____ day of June in the year of our Lord two thousand one (2001).
Signed and Acknowledged in the Presence of:

_____        _____
                                       MARY L. CROOKS

_____

THE STATE OF OHIO, County of Jackson, ss:

Be it remembered that on the ___5th___ day of June in the year of our Lord two thousand one (2001), before me, the subscriber, a Notary Public, in and for said county and State, personally came the above named Mary A. Crooks, unmarried, the Grantor in the above instrument and acknowledged the signing of the same to be her voluntary act and deed, for the uses and purposes therein mentioned.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal on the day and year last aforesaid.

_____
Notary Public, State of Ohio

My Commission Expires:
WILLIAM S. COLE, Attorney at Law
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION HAS NO EXPIRATION DATE
O.R.C. 147.03

This Instrument Prepared by:

William S. Cole
Attorney at Law
295 Pearl Street, PO Box 427
Jackson, Ohio  45640

_____ 200___

The conditions of this mortgage have been complied with, and the same is hereby satisfied and discharged.

_____

200100017423
Filed for Record in
JACKSON COUNTY, OHIO
LINDA L. HOOVER
06-06-2001  09:42 am.
MORTGAGE         18.00
Book  330 Page  673 - 675

200100017423
BILL COLE
PICK UP

EXHIBIT "A"

LEGAL DESCRIPTION

Situated in the City of Jackson, County of Jackson and State of Ohio and bounded and described as follows:

Being Lot No. 2 of the Grandview Heights Addition to the City of Jackson, Ohio as shown upon the recorded plat of said Addition as recorded in Plat Book 4, Page 148 in the office of the recorder of Jackson County, Ohio, except the coal underlying said premises and subject to the easement of the Globe Iron Company to use the coal mine underlying said premises for storage of water granted by the Buckeye Mill and Lumber Company by a certain grant of easement recorded in Deed Record Vol. 141, Page 134, in the Office of the Recorder of Jackson County, Ohio.

Subject to easements, leases, rights-of-way, conditions and restrictions of record.

Instrument   Book  Page
20010017423   330   675

| DEBTOR NAME AND ADDRESS | SECURED PARTY NAME AND ADDRESS |
|---|---|
| MARY A. CROOKS<br>3 GRANDVIEW AVE<br>JACKSON, OH 45640 | THE MILTON BANKING COMPANY (1)<br>123 S. OHIO AVE.<br>WELLSTON, OH 45692 |



EXHIBIT "C"

☐ If checked, refer to the attached addendum for additional Debtors and their signatures.

## CONSUMER SECURITY AGREEMENT

The date of this Consumer Security Agreement (Agreement) is 02-05-2007_____ . Unless otherwise indicated in writing to you, my address listed above is my principal residence. The pronouns "you" and "your" refer to the Secured Party. The pronouns "I," "me," and "my" refer to each person or entity signing this Agreement as Debtor and agreeing to give the Property described in this Agreement as security for the Secured Debts. Where Debtor is not the Borrower under the Secured Debts, "I," "me," and "my" refer to the owner of the Property subject to this Agreement and "Borrower" refers to the obligor on the Secured Debts.

SECURED DEBTS. This Agreement will secure all sums advanced by you under the terms of this Agreement and the payment and performance of the following described Secured Debts that (check one): ☒ 1 ☐ _____ _____ (Borrower) owe(s) to you:

☒ **Specific Debts.** The following debts and all extensions, renewals, refinancings, modifications and replacements (describe):
LOAN # 7692043

☐ **All Debts.** If checked, the Property may also serve as collateral for future advances. All present and future debts, even if this Agreement is not referenced in the debt instrument, the future debts are also secured by other collateral, or if the future debt is unrelated to or of a different type than this debt. Nothing in this Agreement is a commitment to make future loans or advances. This Agreement will not secure any debt for which you fail to give any required notice of the right of rescission, or any debt for which a non-possessory, non-purchase money security interest is created in "household goods" in connection with a "consumer loan," as those terms are defined by federal law governing unfair and deceptive credit practices.

SECURITY INTEREST. To secure the payment and performance of the Secured Debts, I give you a security interest in all of the Property described in this Agreement that I own or have sufficient rights in which to transfer an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products from the Property. "Property" includes all parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and all obligations that support the payment or performance of the Property. "Proceeds" includes anything acquired upon the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising out of the Property; and any collections and distributions on account of the Property. This Agreement remains in effect until terminated in writing, even if the Secured Debts are paid and you are no longer obligated to advance funds to me (or Borrower, if not the same) under any loan or credit agreement.

PROPERTY DESCRIPTION. The Property is all the collateral given to secure the Secured Debts and is described as follows:
REAL ESTATE KNOWN AS 3 GRANDVIEW AVE JACKSON OH AS EVIDENCED BY A REAL ESTATE MORTGAGE DATED 6-5-2001 AND RECORDED IN BOOK 320, PAGES 673, 674, & 675-JACKSON CO RECORDER

SIGNATURES. I agree to the terms on pages 1 and 2 of this Agreement and acknowledge receipt of a copy of this Agreement.

| DEBTOR | SECURED PARTY |
|---|---|
| | THE MILTON BANKING COMPANY (1) |
| *Mary A. Crooks* | *[signature]* |
| MARY A. CROOKS | GARY L CRABTREE<br>BRANCH MGR/V.P. |